

FILED
SUPERIOR COURT
OF GUAM

2014 MAR 19 PM 2: 55

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | CRIMINAL CASE NO. CM 0754-13 |
| v. | **DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| SERENI MACHUO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 12th day of March, 2014, for hearing on the Defendant's Motion to Dismiss. Assistant Attorney General Christopher R. Odoca represented the People, and Attorney Douglas B. Moylan represented the Defendant.

## FACTUAL AND PROCEDURAL HISTORY

The Defendant is charged with criminal mischief, disorderly conduct, and public drunkenness, stemming from events that occurred on August 24, 2013 with two co-defendants. At the arraignment on October 9, 2013, the Defendant waived his right to a speedy trial and formally requested discovery, and the Scheduling Order for this case was established. That Scheduling Order specified December 11, 2013, as the Motion Cut Off date.

By December 11, the People had not provided discovery, and the Defendant filed a Motion to Dismiss, arguing that the lack of discovery provision constituted a failure to

**ORIGINAL**

prosecute. On December 16, the People turned over the discovery materials to the Defendant, and on January 2, 2014 filed an Opposition to the Defendant's Motion to Dismiss.

## DISCUSSION

8 GCA § 70.45 sets forth the remedies available to the court when a party fails to comply with a discovery obligation. The statute reads:

> *If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this Chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances.*

8 GCA § 70.45 (2005).

The dismissal of criminal complaint with prejudice is considered a severe remedy. "The dismissal of a criminal case is a remedy of last resort because it precludes a public trial and terminates criminal proceedings." *Commonwealth v. Cronk,* 484 N.E.2d 1330, 1334 (1985). However, there are circumstances where such a remedy is appropriate. If either 1) the delay is due to the prosecution's deliberate and egregious action; or 2) the delay, though unintentional, results in irremediable harm to the defendant, then the harshness of the dismissal remedy matches the severity of the prosecution's violation. *See Cronk,* 484 N.E.2d at 1334.

The Defendant cites two cases in support of the proposition that a court may dismiss the complaint for discovery violations, *Mathis v. State* and *Commonwealth v. Cronk. Mathis v. State,* 819 P.2d 1302 (N.M. 1991*); Commonwealth v. Cronk,* 484 N.E.2d 1330 (Mass. 1985). However, the Defendant does not discuss the facts of the two cases he cites. In *Mathis,* the trial court initially denied the motion to dismiss and reordered the discovery. Instead of providing it, the State engaged in a series of obstructionist tactics and repeated bad faith efforts to evade or ignore the court order, and only after a year and a half of such obstructionism was a new motion to dismiss granted. *See Mathis,* 819 P.2d at 1303-04. In *Cronk,* the Commonwealth did not comply

with discovery orders throughout the discovery period, and the trial court issued a new order to comply with the previous discovery order, and specifically stated that a further failure to comply would lead to dismissal with prejudice, and even then the trial court later changed its mind upon a finding that the delay had not harmed the defendant. *See Cronk*, 484 N.E.2d 1330.

The present case is dissimilar to either *Mathis* or *Cronk*. As the People point out, the Defendant does not allege that the delay of five days between the Motion Cut Off Date and the eventual disclosure was the result of any deliberate or egregious action. Nor does the court find that the five day delay resulted in irremediable harm to the Defendant. What harm occurred from non-provision of discovery materials could be remedied by providing them, and has been. The Defendant will still be able to receive a fair trial, notwithstanding the late provision of discovery.

Nor is the Defendant's citation of the Superior Court's time standards persuasive. The Defendant is correct to note that as a case already in existence on September 1, 2013, the old time standards apply to this case. Administrative Rule 13-003 (keeping Administrative Rule 06-001 in place for cases in existence on September 1, 2013). Rule 06-001 contemplates that fifty percent of a Judge's criminal misdemeanor cases will be completed within six months, and one hundred percent of them within twelve months. However, the Defendant misunderstands what exactly the time standards are.

"The purpose of this Rule is to provide...a procedural framework for the efficient dispatch of the Superior Court's business." Administrative Rule 06-001. The statute under which the time standards are promulgated, 7 GCA § 4101(e) Enactment of Rules on Case Management and Disposition, empowers the Supreme Court to exercise a supervisory power over the Superior Court's docket management. In short, the time standards are internal administrative instructions designed to facilitate efficient judicial branch operations.

What they are not, and what the Defendant treats them as, is a hard and fast deadline that binds the People to dispose of a criminal case or face its dismissal. They are not akin to a statute of limitations where, instead of tolling when proceedings begin, the clock keeps ticking until final disposition. They are not a right to haste that may be enforced by a defendant. The Defendant has waived his constitutional right to a speedy trial, and has not reasserted it.

Nevertheless, the Court is troubled by the People's failure to provide mandatory discovery in accordance with the Scheduling Order. Defendants have a constitutional right to potentially exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83 (1963). The timely provision of that evidence is necessary for the efficient disposition of the Court's business, which weighs on the Court's ability to do justice to all the other litigants before it. Although the Defendant has specifically moved for dismissal, the statute enables the Court to "issue such other order as it deems just under the circumstances." 8 GCA § 70.45 (2005). Thus, the Court may, at its discretion and in the interest of justice, impose a remedy that is less severe than the remedy requested by the Defendant.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is DENIED. The Attorney General's Office is sanctioned in the amount of One Hundred ($100.00) Dollars and NO/100, to be paid to the Superior Court of Guam on or before April 2, 2014.

**IT IS SO ORDERED** MAR 1 9 2014 .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy the original hereto was placed in the court box of:

D. MOYLAN
+ DML

Date: 3/19/14 Time: 3pm

Deputy Clerk, Superior Court of Guam

RECEIVED FOR SERVICE

Date: 3/19/14

Time: 3:14pm

Page 4 of 4

Marshal, Superior Court of Guam